

ENTERED
12/16/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| In re:<br><br>STONE ENERGY CORPORATION,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 16-36390 (MI) |
|---|---|---|
| In re:<br><br>STONE ENERGY OFFSHORE, L.L.C.,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 16-36391 |
| In re:<br><br>STONE ENERGY HOLDING, L.L.C.,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 16-36392 |

**ORDER UNDER FED. R. BANKR. P. 1015 AND 6003 AND BLR
1015-1 AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**
[This Order Relates to the Motion at ECF No. 2]

Upon the motion (the "Motion")[1] of the Debtors for an order, under Bankruptcy Rule 1015 and Bankruptcy Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases; and the Court having reviewed the Motion and the Beer Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is allowed pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under Case No. 16-36390 (MI) in accordance with the provisions of Bankruptcy Rule 1015 and Bankruptcy Local Rule 1015-1. Additionally, the following checked items are ordered:

   a. ☒ One disclosure statement and plan of reorganization may be filed for all cases by any plan proponent.

   b. ☒ Case Nos. 16-36391 and 16-36392 are transferred to Judge Marvin Isgur.

   c. ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

   d. ☒ Other: See below

2. The Debtors shall file their monthly operating reports required by the United States Trustee by consolidating the information required for each debtor in one report without being required to break out information on a Debtor-by-Debtor basis unless otherwise ordered by the Court.

3. The official caption to be used by all parties on all pleadings and other filings in the jointly administered Chapter 11 Cases shall be as follows:

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| STONE ENERGY CORPORATION, *et al.*,[1] | § | Case No. 16-36390 (MI) |
| | § | Jointly Administered |
| Debtors. | § | |

[1] The Debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Stone Energy Corporation (5413); Stone Energy Holding, L.L.C. (3151); and Stone Energy Offshore, L.L.C. (8062). The above-captioned Debtors' mailing address is 625 E. Kaliste Saloom Road, Lafayette, Louisiana 70508.

As reflected in the above caption, footnote 1 shall set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's tax identification number.

4. The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n).

5. All pleadings and other documents (with the exception of proofs of claim) to be filed in the jointly administered cases shall be filed and docketed in the case of Stone Energy Corporation, Case No. 16-36390 (MI).

6. A docket entry shall be made in the Chapter 11 Cases of each Debtor (except that of Stone Energy Corporation), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Stone Energy Corporation, Case No. 16-36390 (MI), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-36390 (MI) should be consulted for all matters affecting this case.

7. Any creditor filing a proof of claim must file the proof of claim in the case of the Debtor against whom the claim is asserted  Proofs of claim must bear the caption of the Debtor against whom the claim is asserted.

8. The United States Trustee has been requested to conduct a joint informal meeting with the Debtors as well as a joint first meeting of creditors, if any. The Court authorizes such meetings if such authorization is required.

9. If ordered by the Court to file (i) schedules of assets and liabilities and statements of financial affairs, or (ii) a list of the equity holders of the Debtors, each Debtor shall file such documents separately.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases. This Order shall take effect immediately upon entry.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: December 16, 2016
      Houston, Texas

_____
MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE

US-DOCS\71510363