

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/11/2017

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| STONE ENERGY CORPORATION, *et al.*,[1] | § | CASE NO. 16-36390 (MI) |
| | § | Jointly Administered |
| Debtors. | § | |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
PAY TRADE CLAIMS IN THE ORDINARY
COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**
[This Order Relates to the Motion at ECF No. 14]

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"), under Bankruptcy Code Sections 105, 363, and 503 and Bankruptcy Rule 6003 and 6004, (i) authorizing the Debtors, in their sole discretion, to pay, in the ordinary course of business, all undisputed prepetition claims (collectively, the "Trade Claims") of general unsecured creditors that provide goods and services related to the Debtors' operations (collectively, the "Trade Creditors"), and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion and the Beer Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334(b); and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Stone Energy Corporation (5413); Stone Energy Holding, L.L.C. (3151); and Stone Energy Offshore, L.L.C. (8062). The above-captioned Debtors' mailing address is 625 E. Kaliste Saloom Road, Lafayette, Louisiana 70508.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

US-DOCS\75600218.5

appearing that venue of this proceeding and the Motion in this District is allowed pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, in consultation with the Required Consenting Noteholders and the Required Consenting Banks, to pay, in the ordinary course of business, some or all of the Trade Claims of Trade Creditors in an aggregate amount not to exceed $21.0 million; provided, however, that prior to paying Trade Claims of Trade Creditors in excess of $21.0 million in the aggregate, the Debtors must first obtain a further order of the Court and consent of the Required Consenting Noteholders and the Required Consenting Banks; provided, further, that any Trade Creditor receiving payment on its Trade Claim must agree to maintain or reinstate trade terms during the pendency of these Chapter 11 Cases that are at least as favorable as those terms existing as of the Petition Date ("Customary Terms").

2. With respect to any entity (including all of its affiliates and subsidiaries) that is to be paid $250,000 or more in the aggregate under paragraph 1 of this Final Order and paragraph 1 of the Interim Order, the entity must confirm in writing (including by email) that the entity will continue to provide goods and services in the ordinary course of business on terms not less favorable than those provided to the Debtors prior to the commencement of these Chapter 11 Cases.

3. With respect to any entity that is to be paid less than $250,000 but more than $50,000 in the aggregate under paragraph 1 of this Final Order and paragraph 1 of the Interim Order, the payment must be accompanied by a letter (or preceded by an email) from the Debtors

US-DOCS\75600218.5

informing the entity of the conditions set forth in this Interim Order with respect to the receipt and application and refund of any payments. In lieu of such a description, the letter may attach a copy of this Interim Order.

4. **If a Trade Creditor, after receiving payment on account of a Trade Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with the Debtors, then the Debtors may, in consultation with the Required Consenting Noteholders and Required Consenting Banks, file a motion seeking to deem such payment to apply instead to any postpetition amount that may be owing to such payee or to treat such payment as an avoidable postpetition transfer of property or for contempt or other appropriate relief.**

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Bankruptcy Code Section 365; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserved their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

US-DOCS\75600218.5

to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Trade Claim.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____1-9_____, 2017
Houston, Texas

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE